AO 451 (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | |
|---|---|
| Dennis Ross | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 13-CV-1061-SAC |
| Christodulos Stavens | ) |
| *Defendant* | ) |

**FILED** JUN 30 2014  RICHARD W. WIEKING  CLERK, U.S. DISTRICT COURT  NORTHERN DISTRICT OF CALIFORNIA

CV 14 80198 MISC. PSG

BLF

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* 12/11/2013.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 06/26/2014

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

## JUDGMENT IN A CIVIL CASE

DENNIS ROSS,

               Plaintiff,

v.                                        CIVIL NO. 13-1061-SAC

CHRISTODULOS STAVENS,

               Defendant.

( )    **JURY VERDICT.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

( X )  **DECISION BY THE COURT.** This action came before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that pursuant to Memorandum and Order (Doc. 27) filed December 11, 2013, plaintiff's motion for summary judgment (Dk. 20) is granted, and the plaintiff is awarded damages and interest to this date totaling $436,410.31 with post-judgment interest, plus fees and costs to be determined later according to the procedure outlined in the order.

Entered on the docket    12/11/13

Dated:   December 11, 2013                      TIMOTHY M. O'BRIEN, CLERK

                                                                           *M. Barnes*
                                                                           By: Deputy Clerk

**ECF DOCUMENT**
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Kansas.

Clerk, U.S. District Court
By: _____ Deputy Clerk
Date filed: 12/11/13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENNIS ROSS,

        Plaintiff

vs.                                      Case No. 13-1061-SAC

CHRISTODULOS STAVENS,

        Defendant.

MEMORANDUM AND ORDER

On December 11, 2013, the court granted the plaintiff Dennis Ross' ("Ross") motion for summary judgment on his sole claim for breach of an indemnity agreement and against the four affirmative defenses raised by the defendant Christodulos Stavens ("Stavens"). (Dk. 27). Judgment was entered for Ross awarding damages and interest to date totaling $436,410.31 with post-judgment interest, plus fees and costs to be determined later. (Dk. 28). The summary judgment order gave the parties 30 days to consult over fees and costs and, in the event of no agreement, required the plaintiff's counsel to file affidavits and proof for determining reasonable fees and costs. (Dk. 27, p. 5).

Stating that the parties conferred but did not agree on fees, the plaintiff moves for an award of attorneys' fees. One of the four counsel who have billed time in this case has submitted an affidavit identifying the attorneys, justifying the hourly rate, and offering that "[t]his case is much

more complex than it would appear by the pleadings because Dr. Stavens has claimed insolvency since before the litigation phase of the case began." (Dk. 29-2, ¶ 9). Eight pages of time entries for the four counsel are part of the record. (Dk. 29-3).

The defendant Stavens responds with nine numbered paragraphs, eight of which have do not address the specifics of the plaintiff's fee request. After discussing some terms of a bankruptcy court's confirmation order, *In re Kentuckiana Medical Center, LLL*, No. 10-93039-BHL-11 (S.D. Ind. Sept. 12, 2013), (Dk. 30-1), Stavens concludes that Ross is a creditor of the bankruptcy debtor and highlights in that confirmation order a term that enjoins all creditors from "enforcing, attaching, collecting or recovering" against the debtor or its guarantors and co-obligors, which Stavens says includes him. He characterizes Ross' action in the District of Kansas to be "an impermissible collateral attack on the injunction provided in the confirmation order." (Dk. 30, ¶ 8). As for attorneys' fees, the defendant disputes the reasonableness of four "partner level attorneys" billing 74 hours in a "rather garden variety breach of contract case." (Dk. 30, ¶ 9).

In reply, the plaintiff discounts the defendant's fee objection as lacking specificity and, therefore, insufficient under *Bell v. United Princton Prop. Inc.*, 884 F. 2d 713, 720 (3rd Cir. 1989); *see Coleman v. Astrue*, 2008 WL 234404 (D. Kan. Jan. 28, 2008) (citing *Bell*). Though the court in

2

*Coleman* did not adopt *Bell* standards, another federal district court in Kansas has held that, "[t]he objecting party has the burden to challenge the claim for attorney fees with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. *Bell v. United Princeton Prop., Inc.*, 884 F.2d 713, 715 (3d Cir.1989)." *Sommerville v. Astrue*, 555 F. Supp. 2d 1251, 1253 (D. Kan. 2008). Objections to fee requests certainly should be sufficiently specific for a fee proponent to prepare an answer and defense. The defendant has argued the unreasonableness of fees associated with the involvement of four "partner level attorneys" in a "garden variety breach of contract case" in which "[t]here was only minimal discovery in the case, no depositions, and only a handful of telephonic court appearances." (Dk. 30, ¶ 9). The court accepts the defendant's objections as sufficient to notify the plaintiff. In reply, the plaintiff offers only that the defendant's response is "disingenuous" because the contract makes the costs of collection also awardable as fees. The plaintiff, however, provides no justification for the number of experienced attorneys involved in the litigation phase of this case.

In reviewing the time entries after this case was filed, the court finds some instances of billing indicative of duplicative review or status conferences between counsel attributable to having four counsel in the case. The plaintiff's time entries are not sufficiently detailed or supported by other documents as to cure these questions over billing judgment. Nor does the

3

plaintiff's reply offer any meaningful response to what precautions were taken to prevent billing for duplicative work performed by four counsel in this relatively straight-forward lawsuit. The court will reduce the requested total hours by 4.3 hours resulting in 69.7 hours billed at $295 per hour for an award of fees through January 31, 2014, totaling $20,561.50.

As for the other matter raised in the defendant's response regarding a bankruptcy court's confirmation and injunction interfering with the enforcement of the judgment in this case, the defendant has not properly presented this issue to the court in the form of any motion seeking relief. Short of a motion filed and supported by good faith arguments based in law and fact, the court will not offer any advisory opinion and imposes no limitations on the plaintiff's lawful enforcement of this judgment.

IT IS THEREFORE ORDERED that the plaintiff's motion for attorneys' fees (Dk. 29) is granted insofar as the plaintiff is awarded fees totaling $20,561.50 (69.7 hours times $295 per hour) through January 31, 2014.

Dated this 1st day of April, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Kansas.
Clerk, U.S. District Court
By: _____ Deputy Clerk
Date filed: 4/1/14

4